

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00404-CV

## IN THE INTEREST OF A.R., A CHILD

**From the 361st District Court
Brazos County, Texas
Trial Court No. 22-000102-CV-361**

## MEMORANDUM OPINION

Appellee, the Texas Department of Family and Protective Services, filed its

Original Petition for Protection of a Child, For Conservatorship, and for Termination in

Suit Affecting the Parent-Child Relationship. Without terminating Mother or Father's

parental rights, an associate judge rendered its Final Order to Modify in Suit Affecting

Parent-Child Relationship, and appointed the parents as joint managing conservators of

A.R.. The trial court adopted the order of the associate judge. Mother appeals from this

final order.[1]

---

[1] Father does not appeal.

Mother's court-appointed attorney has now filed a motion to withdraw and an *Anders* brief, stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal on appeal. *See generally Anders v. California*, 386 U.S. 738 (1967); *See In re E.L.W.*, No. 01-17-00546-CV, 2017 Tex. App. LEXIS 11014, 2017 WL 5712545, at *1-4 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet.) (mem. op.) (applying *Anders* procedures to an appeal from a final order in which the trial court did not terminate parental rights but rendered a final order regarding conservatorship).

## *Anders* **Brief**

Counsel included a recitation of facts in his brief and discussed why, under controlling authority, there is no reversible error in the trial court's Final Order to Modify in Suit Affecting Parent-Child Relationship. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008). Counsel has also informed us that he served Mother with a copy of his brief, informed Mother of her right to examine the appellate record, provided instructions on how to obtain the appellate record, and notified Mother of her right to file a pro se response to his *Anders* brief. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d 298, 299-300 (Tex. App.—Waco 2022, no pet.). Counsel's brief demonstrates a professional evaluation of the record, and we conclude that he performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *Schulman*, 252 S.W.3d at 406-08. By letter, we also informed Mother of her

right to review the record and to file a response to the *Anders* brief, but she has not filed a response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Ct. of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's brief and agree that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Specifically, counsel's brief explains—and our review of the record confirms—that the final order memorialized the terms of an agreement reached by the parties during a recess in the final hearing. After the essential terms of the agreement were read into the record at the final hearing, Mother's trial counsel informed the court of Mother's agreement with the terms, and Mother testified that she made her decision freely and voluntarily. The trial court approved the terms of the agreement and found the agreement to be in the best interest of the child. *See, e.g., In re P.H.*, No. 05-16-00961-CV, 2017 WL 462355, at *1-3 (Tex. App.—Dallas Feb. 2, 2017, no pet.) (mem. op.) (affirming, in the context of an *Anders* brief, a final conservatorship order where trial court found it was in the best interest of the children to follow a Rule 11 agreement.).

**Motion to Withdraw**

Counsel has also filed a motion to withdraw, as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in his motion to withdraw. We will deny the motion to withdraw in this proceeding. Counsel's duty to his client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE ANN. § 107.016(2)(B). Consequently, if Mother, after consulting with counsel, desires to file a petition for review to the Texas Supreme Court, counsel's obligations can be satisfied by filing "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27-28.

**Conclusion**

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court. We deny counsel's motion to withdraw.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed June 6, 2024
[CV06]

